**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TRAVELODGE HOTELS, INC., | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | No. 2:13-cv-1286 (WHW) |
| | : | |
| BUDGET INNS OF DEFUNIAK SPRINGS, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**Walls, Senior District Judge**

Plaintiff Travelodge Hotels, Inc. ("THI") moves for entry of default judgment against Budget Inns of Defuniak Springs ("Defuniak Springs") and Dharistha H. Patel ("Patel") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). The motion has been decided from the written submissions of the parties under Federal Rule of Civil Procedure 78. THI's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff THI is a corporation organized and existing under the laws of Delaware, with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1. Defendant Defuniak Springs is a corporation organized and existing under the laws of Florida, with its principal place of business at 4225 South Ferdon Boulevard, Crestview, Florida 32536. *Id.* ¶ 2. Defendant Patel is a principal of Defuniak Spings and a citizen of Florida, having an address at 4225 South Ferdon Boulevard, Crestview, Florida 32536. *Id.* ¶ 4.

**NOT FOR PUBLICATION**

On June 29, 2007, THI entered into a license agreement (the "License Agreement") with Defuniak Springs for the operation of a 57-room Travelodge® guest lodging facility located at 472 Hugh Adams Road, Defuniak Springs, Florida 32433, Site Number 07309-71049-03 (the "Facility"). *Id.* ¶ 9; *see also* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") Ex. A. The License Agreement provided for multiple obligations on behalf of Defendants. Under section 5 of the License Agreement, Defuniak Springs was obligated to operate a Travelodge® guest lodging facility for a fifteen-year term. *See* Fenimore Aff. Ex. A § 5. Section 3 of the License Agreement required Defuniak Springs to make renovations to the Facility, in order to bring the Facility into compliance with "System Standards," "Approved Plans," and/or a "Punch List," all of which were defined in or attached to the License Agreement, and to achieve and maintain certain scores on periodic quality assurance inspections conducted by THI. *Id.* Ex. A § 3. Specifically, section 3.4 of the License Agreement required Defuniak Springs to operate the Facility in compliance with THI's "System Standards," as defined in the License Agreement, including THI's quality assurance requirements. *Id.* Ex. A § 3.4. And section 3.8 required that Defuniak Springs prepare and submit monthly reports to THI disclosing, among other things, the amount of gross room revenue earned by Defuniak Springs at the Facility in the preceding month for purposes of establishing the amount of royalties and other recurring fees due to THI. *Id.* Ex. A § 3.8. Also under that section, Defuniak Springs agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility, and Defuniak Springs agreed to allow THI to examine, audit, and make copies of the entries in these books, records and accounts. *Id.* Ex. A §§ 3.8, 4.8. Under section 4.8, THI had the right to conduct unlimited quality assurance inspections of the Facility (and unlimited

2

**NOT FOR PUBLICATION**

reinspections if the Facility received a failing score in the inspection) to determine whether the Facility was in compliance with THI's quality assurance requirements. *Id.* Ex. A § 4.8.

Under section 7, section 18.3 and Schedule C of the License Agreement, Defuniak Springs was required to make certain periodic payments to THI for royalties, system assessment fees, taxes, interest, reservation system user fees, and other fees (collectively, the "Recurring Fees"). *See id.* Ex. A §§ 7, 18.3, Schedule C. Defuniak Springs also agreed, under section 7.3 of the License Agreement, that interest was payable "on any past due amount payable to [THI] under this [License] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." *Id.* Ex. A § 7.3. Section 11.2 of the License Agreement provided that THI could terminate the License Agreement, with notice to Defuniak Springs, if Defuniak Springs (a) failed to pay any amount due THI under the License Agreement, (b) failed to remedy any other default of its obligations or warranties under the License Agreement within 30 days after receipt of written notice from THI specifying one or more defaults under the License Agreement, and/or (c) received two or more notices of default under the License Agreement in any one year period, whether or not the defaults were cured. *Id.* Ex. A § 11.2. In the event of termination of the License Agreement under section 11.2, section 12.1 of the License Agreement provided that Defuniak Springs would pay liquidated damages to THI in accordance with a formula specified in the License Agreement. *Id.* Ex. A § 12.1. Defuniak Springs also agreed, under section 17.4 of the License Agreement, that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement." *Id.* Ex. A § 17.4. And section 18.5 of the License Agreement specifically set

**NOT FOR PUBLICATION**

liquidated damages for the Facility at $1,000.00 for each guest room of the Facility Defuniak Springs was authorized to operate at the time of termination. *Id.* Ex. A § 18.5.

On June 29, 2007, THI entered into a Satellite Connectivity Services Addendum (the "Satellite Addendum") with Defuniak Springs. *See id.* Ex. B. Under section 13(c) of the Satellite Addendum, Defuniak Springs agreed that, in the event of a termination of the Satellite Addendum, including by virtue of termination of the License Agreement, it would pay Satellite Addendum Liquidated Damages to THI in accordance with a formula set forth in the Satellite Addendum. *Id.* Ex. B § 13(c).

Effective as of the date of the License Agreement, Harshadbhai Patel[1] and Dharistha H. Patel provided THI with a Guaranty of Defuniak Springs' obligations under the License Agreement. *See id.* Ex. C. Under the terms of the Guaranty, Harshadbhai Patel and Dharistha H. Patel agreed, among other things, that upon a default under the License Agreement, they would "immediately make each payment and perform or cause [Defuniak Springs] to perform, each unpaid or unperformed obligation of [Defuniak Springs] under the [License] Agreement." *Id.* Harshadbhai Patel and Dharistha H. Patel also agreed, under the terms of the Guaranty, to pay the costs, including reasonable attorneys' fees, incurred by THI in enforcing its rights or remedies under the Guaranty or the License Agreement. *Id.*

Beginning in 2007, Defuniak Springs repeatedly breached its obligations under the License Agreement by failing to timely pay Recurring Fees to THI as required by the License Agreement and by failing to operate the Facility in accordance with THI's System Standards as required by the License Agreement. *See* Compl. ¶¶ 27-37; Fenimore Aff. ¶¶ 21-31. By letter dated September 23, 2011, THI terminated the License Agreement due to Defuniak Springs' failure to cure its

---

[1] This action was voluntarily dismissed as to Harshadbhai Patel on August 9, 2013. *See* ECF No. 6. He is no longer a defendant in this matter.

**NOT FOR PUBLICATION**

monetary and quality assurance defaults under the License Agreement and its failure to satisfy the

Quality Standards under the License Agreement, and THI advised Defuniak Springs that it was

required to pay to THI as liquidated damages for premature termination the sum of $59,500.00 as

required under the License Agreement and the Satellite Addendum, and all outstanding Recurring

Fees through the date of termination.

Because Defendants never paid those amounts, the complaint in this matter was filed on

March 5, 2013. ECF No. 1. Also on March 5, 2013, the summons and complaint were forwarded

to Recon Management Group to effectuate personal service upon Defendants. Certification of

Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert.") ¶ 3. Despite diligent

efforts and inquiry, Recon Management Group has been unable to locate defendants Defuniak

Springs and Patel. *Id.* ¶¶ 4-5. By letter dated April 30, 2013, THI served Defendants with a copy

of the Summons and Complaint via certified and regular mail under New Jersey Court Rule 4:4-

4(b)(1)(c). *Id.* ¶ 6. The time in which Defendants had to answer or otherwise respond to the

complaint expired, and Defendants did not answer or otherwise move. *Id.* ¶ 7. Default was entered

by the Clerk of the Court against Defendants on June 3, 2013 for their failure to plead or otherwise

defend this action. *Id.* ¶ 8. By letter dated June 4, 2013, THI served a copy of the default upon

Defendants. *Id.* Ex. D.

THI moved for default judgment on March 14, 2014. ECF No. 9.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The

power to grant default judgment "has generally been considered an 'inherent power,' governed not

by rule or statute but by the control necessarily vested in courts to manage their own affairs so as

to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178,

**NOT FOR PUBLICATION**

1181 (3d Cir. 1984) (citations omitted). Because the entry of default prevents claims from being

decided on the merits, courts do "not favor entry of defaults or default judgments." *United States*

*v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

The Third Circuit considers three factors in determining "whether a default judgment

should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant

appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other

than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431

F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into

'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an

independent determination" regarding questions of law. *Days Inn Worldwide, Inc. v. Mayu &*

*Roshan, L.L.C.*, No. 06-cv-1581(PGS), 2007 WL 1674485, at *4 (D.N.J. June 8, 2007). Similarly,

a court does not accept as true allegations pertaining to the amount of damages, and may employ

various methods to ascertain the amount of damages due. While the court may conduct a hearing

to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made

without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified

in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109

F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I.    Default Judgment is Appropriate

This cause of action is based on the Defendants' breach of contract. The elements of such

a claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing

**NOT FOR PUBLICATION**

therefrom; and (4) that the party stating the claim performed its own contractual obligations."

*Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, the parties entered into the

License Agreement and Guaranty for the operation of a lodging facility. Defendants repeatedly

breached those contracts by failing to timely pay Recurring Fees to THI as required by the License

Agreement and by failing to operate the Facility in accordance with THI's System Standards as

required by the License Agreement. *See* Compl. ¶¶ 27-37; Fenimore Aff. ¶¶ 21-31. Damages

flowed therefrom because THI performed services without being compensated for them (the

Recurring Fees) and THI has not been compensated for the reasonable liquidated damages agreed

to by contract. THI performed its own contractual obligations under the License Agreement

because it performed the services contracted for and only terminated the License Agreement after

giving proper notice of such termination in response to Defuniak Springs' failure to pay Recurring

Fees and failure to operate the Facility in accordance with the standards required in the License

Agreement. This was a proper termination under the License Agreement. THI has pled the

elements of this claim and put forth unchallenged facts which constitute a legitimate cause of

action.

Under the *Chamberlain* factors, default judgment is appropriate. THI will suffer prejudice

if default is denied because it has already waited over two and a half years since terminating the

License Agreement to be paid the Recurring Fees and the liquidated damages it is entitled to under

the contracts. The Defendants have not presented any facts or arguments to suggest they have a

litigable defense for their breaches of contract with THI. It is not clear if Defendants' failure to

litigate is the result of willful or bad faith conduct, though they have failed to retain counsel for

over a year since the filing of the complaint. Having considered these three factors, the Court finds

that default judgment is appropriate.

**NOT FOR PUBLICATION**

## II.    Damages

THI seeks damages that include the Recurring Fees ($174,738.56 including interest calculated at 1.5% per month under section 7.3 of the License Agreement), liquidated damages ($57,000.00 under sections 12.1 and 18.5 of the License Agreement, and $2,500.00 under section 13(c) of the Satellite Addendum, plus interest on that amount calculated at the rate of 1.5% per month for a total of $26,347.32), attorneys' fees ($8,100.00 under section 17.4 of the License Agreement), and costs ($1,372.49, also under section 17.4 of the License Agreement). The Court has reviewed THI's submissions and finds that these amounts accurately represent the amount Defendants owe THI under the License Agreement, Satellite Addendum and Guaranty. *See* Fenimore Aff. ¶¶ 32-42; *id.* Ex. N (Itemized Statement of Recurring Fees); *id.* Ex. O (Itemized Breakdown of Amounts Owed); Couch Cert. Ex. E (Attorney Billing Records). Judgment will be entered against Defendants in the amount of $270,058.37.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $270,058.37.

May 7, 2014

**/s/ William H. Walls**
United States Senior District Judge